# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KAY TEE,

    Defendant.

Case No. 15-10078-JTM

## ORDER ON MOTION TO DISMISS INDICTMENT

Before the court is defendant's Motion to Dismiss Indictment (Dkt. 44), which asserts lack of jurisdiction and insufficiency of the evidence. In response to the motion, the government moves to dismiss Counts 3 and 4 without prejudice, but argues that the court should deny the motion as to Counts 1, 2, and 5. (Dkt. 48). After reviewing the briefs, the court finds that a hearing is unnecessary, and that the motion should be partially granted and partially denied.

**Discussion**

Rule 12 authorizes the court to resolve matters before trial that the court can determine without a trial on the merits. Fed. R. Crim. P. 12(b)(1). Rule 12 permits pretrial resolution of a motion to dismiss the indictment only when "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Covington*, 395 U.S. 57, 60 (1969). If contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, then Rule 12 dismissal is inappropriate. *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010). In other words, if there is any disputed question of fact surrounding guilt or innocence, then defendant's

motion to dismiss is ineligible for resolution before trial. *See United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir. 1994) (pretrial dismissal permitted only where the operative facts are undisputed, the government fails to object to those undisputed facts, and the court can determine that as a matter of law, the government is incapable of proving its case beyond a reasonable doubt).

**A. Count 1 - Enticement to Engage in Prostitution**

Count 1 of the Indictment charges defendant with enticing an individual to travel in interstate commerce to engage in prostitution in violation of 18 U.S.C. § 2422. Defendant argues that the government cannot establish an essential element of Count 1 because there is no evidence that he solicited or enticed anyone to engage in sex acts for hire. (Dkt. 45 at 14-16). He contends that the government's evidence, at best, shows that he may have promoted the sale of a business that was previously engaged in prostitution, but he never solicited anyone to engage in sex acts for hire.

The government's recitation of law enforcement's past encounters with defendant during the Wichita Police Department's investigation into prostitution and human trafficking in massage parlors in the Wichita area, as well as its accounts of the conversations between the defendant and the government's witnesses during the relevant dates indicate that there is sufficient evidence for a jury to find beyond a reasonable doubt that the defendant violated 18 U.S.C. § 2422. Because a dispute exists as to the operative facts, the court concludes that dismissal of Count 1 is improper at this time.

**B. Count 2 – Interstate Transportation in Aid of Racketeering Enterprise**

Count 2 of the Indictment charges defendant with knowingly using a facility of interstate commerce (a telephone), between March 28, 2015 and May 28, 2015, to facilitate the promotion, management, establishment or carrying on of prostitution in violation of 18 U.S.C. §§ 1952(a)(3)

and (b)(i)(1). Defendant argues that this court lacks jurisdiction over Count 2 because the government manufactured federal jurisdiction by arranging for at least one of the telephone calls to be interstate, which *United States v. Archer*, 486 F.2d 670 (2nd Cir. 1973), and its progeny prohibit. The court finds this argument unavailing for two reasons.

First, § 1952 provides that "[w]hoever . . . uses the mail or any facility in interstate or foreign commerce" with intent to carry on unlawful activity is guilty of a crime. 18 U.S.C.§ 1952(a). Because the phrase "in interstate or foreign commerce" modifies the noun "facility," and not the verb "uses," this court finds that the statute requires only use of an interstate commerce facility, not interstate use of such facility. *United States v. Nader*, 542 F.3d 713, 716 (9th Cir. 2008); *United States v. Means*, 297 Fed. Appx. 755, 759 (10th Cir. 2008) (unpublished). It is undisputed that telephones are instrumentalities of interstate commerce. *United States v. Evan*, 476 F.3d 1176, 1180 (11th Cir.), cert. denied, 552 U.S. 878 (2007). Thus, defendant's use of a telephone to broker the purchase of a prostitution business satisfies the jurisdictional element of § 1952, irrespective of whether the calls were interstate or wholly intrastate.

Second, *Archer* is factually distinguishable from this case. In *Archer*, the government agents were extraordinarily overzealous in their efforts to transform telephone calls made by defendants into a crime against the United States. The government agents crafted an elaborate scheme to ferret out local corruption in the New York criminal justice system by lying to New York police officers (agent was arrested on phony charge of unauthorized possession of two loaded pistols), committing perjury before New York judges and grand jurors, and bribing a state assistant district attorney to persuade a grand jury not to return a true bill. The government agents' actions in this case do not approach the sort of labored pretense found in *Archer*. Thus,

like many other courts, this court declines to follow *Archer*. *See United States v. Podolsky*, 798 F.2d 177, 181 (7th Cir. 1986) (listing cases that have distinguished *Archer*).

### C. Count 5 – Money Laundering

Count 5 of the Indictment charges defendant with knowingly conducting a financial transaction affecting interstate commerce by depositing proceeds of an unlawful act, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, source, ownership, and control of the proceeds in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Defendant contends that the facts in support of Count 5 are undisputed (CHS-2, a witness cooperating with the government, deposited $100 into defendant's Bank of America bank account) and insufficient to prove the essential element of a design to conceal the proceeds of unlawful activity. Defendant claims there is no evidence that he attempted to hide his identity. The government disputes defendant's factual rendition that the ill-gotten proceeds were deposited into his bank account. Instead, it asserts the evidence will show that the proceeds were deposited into a superficially legitimate business bank account that defendant controls, which is sufficient to show intent to conceal. The court agrees. *See United States v. Shepard*, 396 F.3d 1116, 1121 (10th Cir. 2005) (depositing illegal proceeds into the bank account of a legitimate business supports an inference of an intent to conceal). Because there is a factual dispute as to intent on the money laundering count, the court denies defendant's request to dismiss Count 5.

**IT IS THEREFORE ORDERED** this 12th day of February 2016, that defendant's Motion to Dismiss Indictment (Dkt. 44) is denied in part and granted in part.

**IT IS FURTHER ORDERED** that Counts 3 and 4 are dismissed without prejudice.

                                              s/ J. Thomas Marten
                                              J. THOMAS MARTEN, Judge