# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

KAY TEE,

    Defendant.

Case No. 15-CR-10078-01-JTM

## OMNIBUS ORDER

Before the court is defendant's motion to dismiss multiplicitous counts (Dkt. 13), motion to dismiss indictment for selective prosecution (Dkt. 14), motion for discovery in aid of motion to dismiss based on selective prosecution (Dkt. 15), and motion to compel discovery regarding informants (Dkt. 35). The government responded and objected to each motion. After reviewing the fully briefed motions, the court is ready to rule.

**1.   Motion to Dismiss Multiplicitous Counts (Dkt. 13)**

Defendant is charged in Counts 3 and 4 with committing wire fraud in violation of 18 U.S.C. § 1343. Defendant argues that Counts 3 and 4 both involve an attempt to collect the same $500 from CHS-2 and that Count 3 contained nothing that is not in Count 4. He asks this court to: 1) dismiss these counts because they are multiplicitous, or 2) require the government to elect between them. The court denies both requests.

Counts 3 and 4 are not multiplicitous. They overlap to the extent that defendant used CHS-1

to withhold money from CHS-2, but they involve two separate executions of different schemes to defraud against two different victims. Count 3 involves a scheme to obtain money from CHS-2, executed in a telephone call on May 16, 2015. Count 4 involves a scheme to obtain a different sum of money (albeit in the same amount) from CHS-1, executed in a telephone call five days later on May 21, 2015.

**2.     Motion to Dismiss for Selective Prosecution and Motion for Discovery Regarding Selective Prosecution (Dkts. 14 & 15).**

Defendant argues that the government selectively prosecutes only Asian defendants for massage parlor prostitution and seeks discovery for a contemporaneous motion to dismiss the indictment for selective prosecution. He asks for the following discovery:

> 1. Any correspondence between representatives, employees, or agents of the United States Attorney's Office for the District of Kansas referring to the possible prosecution of any non-Asians for operating massage parlors where sexual acts are alleged (sic) offered for money.
>
> 2. Any correspondence between representatives, employees, or agents of the United States Attorney's Office for the District of Kansas and any other person discussing or referring to in any way the race, ethnicity, or nationality of any person or entity in connection with the decision not to pursue prosecution or administrative enforcement action against non-Asian massage parlor operators for activities between July 20, 2010, and the date of the Indictment, June 12, 2015.

(Dkt. 15 at 4). The government responds that defendant is not entitled to such discovery because he cannot satisfy his evidentiary burden on the essential elements of a selective prosecution claim.

Generally, federal prosecutors are entitled to "broad discretion" when enforcing federal criminal law. *Wayte v. United States*, 470 U.S. 598, 607 (1985). A defendant claiming selective prosecution must demonstrate "that the federal prosecutorial policy had a discriminatory effect and was motivated by a discriminatory purpose." *United States v. Armstrong*, 517 U.S. 456, 465 (1996). Defendant is entitled to discovery if he presents "some evidence" tending to show these essential

2

elements of his selective prosecution claim. *United States v. James*, 257 F.3d 1173, 1178 (10th Cir. 2001). This standard is not insignificant. "[T]he showing necessary to obtain discovery for a selective prosecution defense must 'itself be a significant barrier to the litigation of insubstantial claims.'" *Id.* (*quoting Armstrong*, 517 U.S. at 464).

In this case, defendant attempts to show "some evidence" of discriminatory effect by noting: 1) the government's failure to indict the two confidential sources who participated in the conversations which resulted in defendant's indictment (Dkt. 15 at 1), and 2) the statistical fact that "only one individual of non-Asian descent has been indicted on similar charges in the district of Kansas in recent years . . . " (*Id.* at 3). These facts, however, do not establish discriminatory effect. "To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals **of a different race** were not prosecuted." *Armstrong*, 517 U.S. at 465 (emphasis added). The two confidential sources were Asian, like defendant. Thus, their nonprosecution does not establish discriminatory effect.

Likewise, the statistical evidence presented in this case does not establish discriminatory effect. Defendant identified three massage parlor prostitution cases that involved seven defendants for his statistics: *United States v. Kidgell, et. al.* (13-10129-EFM); *United State v. Zhang* (14-40068-JTM); and *United States v. Liu, et. al.* (15-10036-EFM). Defendant points out that of those seven defendants, only one was of non-Asian descent (Kidgell). "[A] defendant cannot satisfy the discriminatory effect prong by providing statistical evidence which simply shows that the challenged government action tends to affect one particular group. Rather, the proffered statistics must address the critical issue of whether that particular group was treated differently than a similarly-situated group." *James*, 257 F.3d at 1179. The statistical evidence here does not suggest

3

that a similarly-situated prostitution operator of another race has evaded arrest. Instead, it shows that where a Caucasian was involved, he was arrested, prosecuted, and sent to prison.

Defendant suggests that there are more "Caucasians who own buildings in which massage parlors are operating but who have not been indicted." (Dkt. 15 at 2). Being a Caucasian who owns a building where a massage parlor operates, however, does not make that person similarly situated to defendant, who is accused of operating a massage parlor as a front for prostitution. The court finds that defendant has failed to provide sufficient proof of discriminatory effect to justify discovery into his selective prosecution claims or dismissal of the indictment. And because defendant has failed to satisfy the discriminatory effect prong, this court need not decide whether defendant has shown discriminatory intent.

**3.     Motion to Compel Discovery of Informants (Dkt. 35)**

Defendant claims that law enforcement officers received information from informants alleging he was involved in the business of running prostitution out of massage parlors. These informants then called him numerous times to entrap him into admitting he hired women to provide prostitution services in the parlors. He anticipates what he told the informants will be used at trial, thus it is vital that he be provided information regarding the informants. He asks this court to compel the government to do the following: 1) disclose the full name and address of the informants; 2) disclose any prior record of the informants, including both felonies and misdemeanors; 3) disclose any promised immunities or agreements with the informants, and other evidence affecting the issues of his or her bias or credibility, including evidence of psychiatric treatment or substance abuse; 4) disclose any payments and other consideration made to the informants; 5) make reasonable efforts to produce the informants for a pretrial interview with defense counsel and her investigator; 6)

4

provide counsel for defendant with any recorded memorandum of communication between the informants and government agents; 7) disclose whether or not the informants took a polygraph examination, and, if so, the results of the polygraph; and 8) disclose the extent of the informants' work in the investigation of other cases, and the benefit received by him or her.

The government responds that this motion is premature and should be denied under the Court's General Order of Discovery and Rule 16. The government contends the requested evidence is only appropriate if the informants testify. The government advises that it has provided defendant with the recordings of the phone calls he had with the informants, along with translations of certain calls.

The law regarding the disclosure of the identities of confidential informants is well-established. The government has the privilege to withhold the identity of informants in order to encourage "citizens to communicate their knowledge of the commission of crimes to law-enforcement officials." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). When faced with a request for the identity of a confidential informant, the court must carefully balance the defendant's need for such information against the "government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Id.* Whether disclosure is warranted depends on several factors, including "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, [and] the possible significance of the informer's testimony." *Id.* at 62.

The Tenth Circuit has placed cases involving confidential informants into three categories:

> At one extreme are the cases where the informant is a mere tipster, and disclosure is not required. At the other extreme are cases such as *Roviaro* itself where the informant has played a crucial role in the alleged criminal transaction, and disclosure and production of the informant are required to ensure a fair trial. In addition, there

5

are cases where there is a slight possibility a defendant might benefit from disclosure, but the government has demonstrated a compelling need to protect its informant.

*United States v. Martinez*, 979 F.2d 1424, 1426 (10th Cir. 1992) *(quoting United States v. Moralez*, 908 F.2d 565, 568 (10th Cir. 1990)). If the informant's identity and the contents of his communications are "relevant and helpful to the defense of an accused, or essential to a fair determination of a cause, the privilege must give way." *Roviaro*, 353 U.S. at 60-61. The Tenth Circuit has consistently not required disclosure "where the information sought 'would be merely cumulative,' or where the informer did not participate in the illegal transaction," *United States v. Mendoza–Salgado*, 964 F .2d 993, 1001 (10th Cir. 1992) (*quoting United States v. Scafe*, 822 F.2d 928, 933 (10th Cir. 1987)) (other citations omitted), where the informant is not a participant or witness to the crime, *United States v. Brantley*, 986 F.2d 379, 383 (10th Cir. 1993), or where the informant is a mere tipster, *United States v. Wynne*, 993 F.2d 760, 766 (10th Cir.1993). A defendant seeking disclosure bears the burden of proving a need for the information. *Martinez*, 979 F.2d at 1426. Mere speculation that an informant might be relevant in some capacity is insufficient to meet this burden. *Id.* at 1428.

Here, Count 1 of the Complaint charges defendant with knowingly persuading, inducing, enticing, coercing, or attempting to do so, an individual (CHS-1) to travel in interstate commerce to engage in prostitution; Count 2 charges him with knowingly using a facility of interstate commerce (a telephone) to promote, manage, establish and carry on prostitution offenses; Count 3 charges him with knowingly using wire communications in interstate commerce to execute a scheme to defraud CHS-2 to obtain money by means of false representation; Count 4 charges him with knowingly using wire communications in interstate commerce to execute a scheme to defraud CHS-

1 to obtain money by means of false representation; and Count 5 charges him with money laundering by depositing proceeds from unlawful activity, knowing that the transaction was designed in whole or in part to conceal the unlawful nature of the proceeds. The transactions charged are the telephone calls. The participants of these calls were the informants and the defendant. Actively recording and listening in on the calls do not make law enforcement participants in the calls. *Cf. Roviaro*, 353 U.S. at 64 (law enforcement officer, hidden in trunk of car during transaction, deemed not a participant of the transaction charged; Supreme Court held informer was the sole participant, other than the accused, in the transaction charged). Like *Roviaro*, so far as defendant knew, he and the informants were the only participants to the calls. The court finds that the informants were not mere tipsters. Instead, they were the sole participants, other than the accused, in the transactions charged. This, combined with the fact that the government has not alleged that defendant poses a danger to the informants, weighs in favor of requiring disclosure of the informants' identities.

The court rejects the government's argument that the informants cannot controvert, explain, or amplify the recordings. Many of the calls were in Mandarin, which means they are subject to translation. The informant(s) could certainly explain Mandarin or industry terminologies. Additionally, testimony regarding unrecorded calls could be elicited.

The court also rejects the government's argument that the requested evidence is only appropriate if the witnesses testify. The fact that the recordings of the calls may be introduced into evidence without the informants' testimony is not relevant in determining whether their testimony would be helpful to the defense. The issue here is not whether the informants' testimony is needed to prove the government's case, but whether their testimony is needed to prove defendant's entrapment defense. As the *Roviaro* court stated, "The desirability of calling John Doe as a witness,

or at least interviewing him in preparation for trial, was a matter for the accused rather than the Government to decide." *Roviaro*, 353 U.S. at 64.

**IT IS THEREFORE ORDERED** this 12th day of February, 2016, that defendant's motion to dismiss multiplicitous counts (Dkt. 13), motion to dismiss indictment for selective prosecution (Dkt. 14), and motion for discovery in aid of motion to dismiss based on selective prosecution (Dkt. 15), are **DENIED**. Defendant's motion to compel discovery regarding informants (Dkt. 35) is **GRANTED**.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE