IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Case No. 15-CR-10078-JTM

KAY TEE,

    Defendant.

**MEMORANDUM AND ORDER**

On April 1, 2016, after a day and half of deliberations, a jury found defendant Kay Tee guilty of: 1) attempting to persuade another person to travel in interstate commerce to engage in prostitution, 2) using a facility in interstate commerce to promote prostitution, and 3) money laundering. Tee timely seeks a new trial (Dkt. 65) or a judgment of acquittal (Dkt. 66). The parties have fully briefed the matter. For the reasons stated below, the court denies both requests.

**A. Judgment of Acquittal**

    1. Legal Standard

Federal Rule of Criminal Procedure 29 provides that a court may set aside the verdict and enter an acquittal. Fed. R. Crim. P. 29(c)(2). When considering a motion for judgment of acquittal based on sufficiency of the evidence, a court must view the evidence in the light most favorable to the government. *United States v. McKissick*, 204 F.3d 1282, 1289-90 (10th Cir. 2000). In conducting this review, a court "may neither weigh conflicting evidence nor consider the credibility of witnesses." *Id.* at 1290 (quoting *United States v. Pappert*, 112 F.3d 1073, 1077

(10th Cir. 1997)). The burden is high for a party challenging a jury verdict due to a "deep respect for the fact-finding function of the jury." *United States v. Evans*, 42 F.3d 586, 589 (10th Cir. 1994) (*quoting United States v. White*, 673 F.2d 299, 302 (10th Cir. 1982)).

2. Analysis

Tee raises several issues in his motion for judgment of acquittal based on the sufficiency of the evidence. First, he argues that there was insufficient evidence to establish that he had the requisite intent to commit the offense of attempting to solicit or entice a woman from New York to be a prostitute in Wichita. Next, he argues that there was insufficient proof to counter his entrapment defense. The court disagrees.

Tee argues that from his perspective, the evidence simply showed that he was trying to earn a living, help someone who had sought out his assistance, and distance himself from the inner workings of the massage businesses. The court, however, must review the record in the light most favorable to the government. From the recorded phone calls with "Lucy," the person he attempted to persuade to cross state lines to engage in prostitution, the jury could infer Tee's intent based on: 1) his assumption that Lucy wanted to purchase a massage business, rather than any other kind of shop; 2) his admitted experience working with other massage parlors; 3) his knowledge regarding those businesses, including the propensity of owners to switch from "this type of business" after making a certain amount of money, the average number of clients, what sex acts certain shops provide, and whether a particular shop had problems with the police; 4) his use of sex industry vernacular; 5) his references to rubmaps.com; and 6) his offer to post ads for Lucy's business. The recorded calls with Lucy, the ads Tee posted for several massage parlors on Backpage.com, and his interview with law enforcement support a finding that Tee had the requisite intent. The evidence supports the jury's finding that Tee knew Lucy planned to engage

in prostitution and that he offered his services with the intent to help her in that endeavor in Wichita. As to Tee's argument that the jury struggled with finding the requisite intent, even if true, it does not mean there was insufficient evidence to make such a finding.

As to entrapment, the record contains evidence to support a finding that Tee was already willing to commit the crimes alleged. He admitted that he previously helped set up shops that offered the same services. Tee's overt references to sex acts during the recorded calls indicate he knew that these parlors were fronts for prostitution. He also told Lucy that it was easy to get business in Wichita, that she just needed to post an ad, and that he could do that for her. And even though he warned Lucy not to buy a particular shop, he nonetheless offered to find her a shop location that was free of police suspicion and surveillance, and promised to have it set up within a fairly short time.

Viewed in the light most favorable to the government, the record contained sufficient evidence to support the jury's verdict. Thus, the court finds no basis for disturbing the jury verdict.

**B. Motion for a New Trial**

1. Legal Standard

Federal Rule of Criminal Procedure 33 permits the court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a); *United States v. Custodio*, 141 F.3d 965, 966 (10th Cir. 1998). Courts view motions for new trial with disfavor and grant such motions with great caution. *United States v. Pearson*, 203 F.3d 1243, 1274 (10th Cir. 2000). The defendant bears the burden of proving the necessity of a new trial. *United States v. Walters*, 89 F.Supp.2d 1206, 1213 (D. Kan. 2000). "[T]he relevant rule is that a new trial

in prostitution and that he offered his services with the intent to help her in that endeavor in Wichita. As to Tee's argument that the jury struggled with finding the requisite intent, even if true, it does not mean there was insufficient evidence to make such a finding.

As to entrapment, the record contains evidence to support a finding that Tee was already willing to commit the crimes alleged. He admitted that he previously helped set up shops that offered the same services. Tee's overt references to sex acts during the recorded calls indicate he knew that these parlors were fronts for prostitution. He also told Lucy that it was easy to get business in Wichita, that she just needed to post an ad, and that he could do that for her. And even though he warned Lucy not to buy a particular shop, he nonetheless offered to find her a shop location that was free of police suspicion and surveillance, and promised to have it set up within a fairly short time.

Viewed in the light most favorable to the government, the record contained sufficient evidence to support the jury's verdict. Thus, the court finds no basis for disturbing the jury verdict.

**B. Motion for a New Trial**

1. Legal Standard

Federal Rule of Criminal Procedure 33 permits the court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a); *United States v. Custodio*, 141 F.3d 965, 966 (10th Cir. 1998). Courts view motions for new trial with disfavor and grant such motions with great caution. *United States v. Pearson*, 203 F.3d 1243, 1274 (10th Cir. 2000). The defendant bears the burden of proving the necessity of a new trial. *United States v. Walters*, 89 F.Supp.2d 1206, 1213 (D. Kan. 2000). "[T]he relevant rule is that a new trial

in prostitution and that he offered his services with the intent to help her in that endeavor in Wichita. As to Tee's argument that the jury struggled with finding the requisite intent, even if true, it does not mean there was insufficient evidence to make such a finding.

As to entrapment, the record contains evidence to support a finding that Tee was already willing to commit the crimes alleged. He admitted that he previously helped set up shops that offered the same services. Tee's overt references to sex acts during the recorded calls indicate he knew that these parlors were fronts for prostitution. He also told Lucy that it was easy to get business in Wichita, that she just needed to post an ad, and that he could do that for her. And even though he warned Lucy not to buy a particular shop, he nonetheless offered to find her a shop location that was free of police suspicion and surveillance, and promised to have it set up within a fairly short time.

Viewed in the light most favorable to the government, the record contained sufficient evidence to support the jury's verdict. Thus, the court finds no basis for disturbing the jury verdict.

**B. Motion for a New Trial**

1. Legal Standard

Federal Rule of Criminal Procedure 33 permits the court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a); *United States v. Custodio*, 141 F.3d 965, 966 (10th Cir. 1998). Courts view motions for new trial with disfavor and grant such motions with great caution. *United States v. Pearson*, 203 F.3d 1243, 1274 (10th Cir. 2000). The defendant bears the burden of proving the necessity of a new trial. *United States v. Walters*, 89 F.Supp.2d 1206, 1213 (D. Kan. 2000). "[T]he relevant rule is that a new trial

should be granted upon '[a]ny error of sufficient magnitude to require reversal on appeal.'" *Id.* (*quoting* 3 Charles A. Wright, Federal Practice and Procedure § 556 [1982] ).

   2. Analysis

Tee asks for a new trial, asserting prejudicial error in the admission of evidence that he placed ads on Backpage.com and the admission of the demonstrative exhibit and testimony regarding rubmaps.com. He also argues for a new trial based on the insufficiency of the evidence. For the reasons stated in the section above, the court rejects the insufficiency argument.

Likewise, the court rejects Tee's erroneous admission of evidence argument. Tee maintains that the Backpage ads are irrelevant, improper 404(b) evidence, and unduly prejudicial. The court reaffirms and incorporates its ruling during trial that the Backpage ads are relevant and not unduly prejudicial. The ads were probative of the type of work defendant provided to various massage parlors. Tee mentioned advertising during the recorded calls with Lucy and during his interview with Detective Shea. Thus, the ads provided clarification and context to these conversations. They also went toward Tee's knowledge that the parlors were prostitution fronts. For these reasons, the ads' probative value outweighs the prejudice they may have had. The ads were permissible 404(b) evidence as they were used to show knowledge and the government provided Tee with timely notice of its intended use at trial.

Tee referred Lucy to rubmaps.com to convince her that Wichita had a market for massage parlors that offered sex acts and that some of these parlors had gotten good reviews. Sergeant Oblinger's testimony regarding rubmaps.com and the demonstrative exhibit of that website clarified Tee's statements and proved that Tee knew these parlors offered sex acts. Thus, the rubmaps evidence was relevant. The demonstrative evidence aided the jury in understanding that

the sex industry had its own vernacular. Tee's use of sex vernaculars (*i.e.*, "big acts," "little acts") during his conversations with Lucy was further evidence of this and of his knowledge regarding these businesses. The court finds that the admission of the rubmaps evidence does not warrant granting a new trial.

**IT IS THEREFORE ORDERED** that defendant's motion for new trial and motion for judgment of acquittal (Dkts. 65 and 66) are DENIED.

**IT IS SO ORDERED** this 16th day of May 2016.

s/   J. Thomas Marten
J. THOMAS MARTEN, Judge